State v. McGinnis

STATE OF NORTH CAROLINA v. JACK McGINNIS

No. 7029SC370

(Filed 15 July 1970)

1. **Criminal Law §§ 73, 79— testimony as to statements made by the witness — hearsay**

    Testimony by an accomplice as to statements he had made to the sheriff were not inadmissible as hearsay.

2. **Criminal Law § 162— failure to object to testimony**

    The trial court did not err in the admission of evidence of the comparison of a belt which had earlier been denied admission into evidence with another belt where defendant failed to object to such evidence.

On *certiorari* to review trial of defendant before *McLean, J.,* 22 May 1969 Session of RUTHERFORD County General Court of Justice, Superior Court Division.

This criminal prosecution arises from the larceny of some 54 suits and 57 pairs of pants from the premises of Jim Doggett's Dry Cleaners and Men's Wear of Henrietta, North Carolina. This business consists of a dry cleaning establishment on one side and a men's clothing store on the other side. The two have interconnecting doors. The case was brought to trial upon a proper bill of indictment charging felonious breaking and entering, and felonious larceny. Upon a jury verdict of guilty of both counts as charged and judgment based thereon, the defendant petitioned for and procured a writ of *certiorari* from this court.

The owner of the premises involved testified as to the type and quantity of clothes missing and to a breaking into the

premises. Frank Scruggs (Scruggs), was placed on the stand by the State. Scruggs testified, in substance, as follows: He and Donald Morgan and the defendant, Jack McGinnis (McGinnis), had gone to Doggett's on the morning of 13 November 1968 so that McGinnis and Morgan could have some clothes dry cleaned. In the early morning hours of 14 November 1968, the three of them returned to the premises in Scruggs' white Ford Torino. They had been drinking all day. Morgan and McGinnis entered the Doggett building several times and each time they returned with a quantity of clothes and men's suits. They then proceeded to Spartanburg, South Carolina, where McGinnis got out at his home and remained. Scruggs and Morgan took the car and the clothing on, and Morgan took the clothing "to several places in Spartanburg," presumably to dispose of it.

Other witnesses tended to corroborate this testimony. Jim Doggett was recalled to the stand and was shown a belt which had been found outside the store after the break-in and larceny. This Exhibit 3 was said by Doggett to be similar to a belt which he had seen in South Carolina on 5 December 1968. Wheeler Lowrance, a Rutherford County detective, stated that he had seen State's Exhibit 1, a suit, which Mr. Doggett had said was stolen from his store, in Gaffney, South Carolina, about 12-14 miles from McGinnis' home on 5 December 1968. Peggy Owens and Agnus Splawn stated that they had seen a white Ford Torino or a white car near the cleaners in the early morning of 14 November 1968. The defendant did not offer any evidence at the trial.

Defendant assigns as error the admission of hearsay evidence at his trial, the comparison of a belt which had been denied admission into evidence with another belt found in South Carolina, and the alleged misstatement by the trial judge of the contentions of the defendant.

*Attorney General Robert Morgan by Assistant Attorney General Bernard A. Harrell for the State.*

*Carroll W. Walden, Jr., for the defendant appellant.*

Campbell, J.

We have with some difficulty attempted to review the contentions of the defendant in this case. No proper exceptions have been brought forward to assist us in our search through

the record of this case. Rules 21 and 28, Rules of Practice in the Court of Appeals of North Carolina.

[1]   The defendant complains of the following passages in the testimony of Scruggs, the accomplice:

"(C) Q.   Now Mr. Scruggs, did you later talk to the sheriff of Rutherford County, Sheriff Damon Huskey?

A.   Yes sir.

Q.   Where did you talk to Sheriff Huskey and what did you talk to him about?

MR. WALDEN: Objection.

COURT: Overruled, exception.

A.   Here at the courthouse.

Q.   Did you come to the courthouse to see him?

A.   Myself and my attorney.

Q.   Who was your attorney at that time?

A.   George Morrow.

Q.   Now, on the advice of your attorney and in the presence of your attorney, did you tell Sheriff Huskey what had occurred relative to Mr. Doggett's Store?

MR. WALDEN: Objection.

COURT: Overruled, Exception. . . .

Q.   Did you relate substantially the same set of facts to Sheriff Huskey as you have related to the jury here in this case?

MR. WALDEN: Objection.

COURT: Overruled, Exception.

A.   Yes sir.

Q.   Now, did you also accompany Deputy Sheriff Lowrance and Ben Humphries anywhere?

A.   Yes.

Q.   Where did you go with these officers?

A.   I took them to where I thought the suits were —

MR. WALDEN: Objection.

COURT: Overruled, Exception.

State v. McGinnis

Q.  What city did you go to with these two officers?

COURT: Wait a minute, Mr. Solicitor, what are you talking about 'they were?'

A.  The suits they were stealing.  (C)"

This assignment is patently without merit in that the testimony refers to statements that the witness *himself* made.

[2]  The defendant makes the following broadside exception to the testimony concerning two belts, (State's Exhibits 2 and 3), one found outside the store and another found in South Carolina:

> "The defendant excepts to and assigns as error all of the evidence admitted relating to any of the State's Exhibits 1, 2 and 3 and most particularly as to the similarity between State's Exhibits 2 and three (3) after the defendant's motion to suppress the evidence (Exhibit 2) had been allowed as appears in the record (p. 21) in that such extended examination thereafter by the solicitor and allowed by the court greatly prejudiced the defendant in the eyes and minds of the jury. This is the defendant's EXCEPTION AND ASSIGNMENT OF ERROR NO. 4."

The evidence concerning the belts was admitted without any objection by the defendant, and as such he waived such proper objection as he may have made earlier. *State v. McKethan,* 269 N.C. 81, 152 S.E. 2d 341 (1967).

We have reviewed the entire record and we find no error which is prejudicial to the defendant.

No Error.

PARKER and VAUGHN, JJ., concur.